IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carl J. Chisolm, #185789, ) | |
| ) | C.A. No. 2:10-2647-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Warden McCabe, Lieber Corr. Inst., ) | |
| ) | |
| Respondent. ) | |
| ) | |

    Petitioner Carl J. Chisolm, proceeding *pro se*, is in the custody of the South Carolina Department of Corrections. The case is currently before the court on Petitioner's a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was filed on October 13, 2010. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On November 12, 2009, the Magistrate Judge filed a Report and Recommendation recommending that Petitioner's case be summarily dismissed without prejudice because Petitioner's conviction is the subject of pending litigation in state court. R&R at 3. Petitioner filed objections to the Report and Recommendation on December 2, 2010. Petitioner filed additional objections on December 23, 2010, January 6, 2011, February 1, 2011, and February 16, 2011.

## **BACKGROUND**

    Petitioner seeks to challenge his conviction for murder, and life sentence that was imposed by the Charleston County General Sessions Court for the Ninth Judicial Circuit on March 17, 1992. Entry 1 at 1. Petitioner seeks review of the following issues: 1) the prosecution's alleged improper withholding of favorable evidence until the day of trial; 2) the alleged loss of certain evidence from

Petitioner's criminal trial prior to DNA testing; 3) whether the prosecution has evidence that may, with DNA testing, exonerate Petitioner; and 4) ineffective assistance of counsel. Petitioner essentially contends that DNA evidence could exonerate him, but that much of the evidence from his trial was misplaced making it impossible for DNA testing to exonerate him. Entry 1 at 16.

After his conviction, Petitioner appealed a denial of a pretrial motion he had made seeking to disqualify the prosecutor's office from his case. *See State v.* Chisholm, 439 S.E.2d 850 (S.C. 1994). The trial court's denial of Petitioner's pretrial motion was affirmed by the Supreme Court of South Carolina on January 10, 1994. *Id.*

Petitioner subsequently filed an application for post conviction relief (PCR) raising claims for: 1) ineffective assistance of trial counsel, 2) ineffective assistance of appellate counsel, 3) denial of due process of law, and 4) a *Brady* violation. Entry 1 at 3. Petitioner states that his application for PCR was dismissed in November 1999. *Id.* In 2002, Petitioner filed a second application for PCR raising the following claims: 1) new evidence as a result of a *Brady* violations; 2) actual innocence; 3) Constitutional violations; and 4)"Did Petitioner Answer Respondent's Order?" Entry 1 at 4. Petitioner states that his second application for PCR was dismissed on February 18, 2009. *Id.*

Petitioner states that on October 8, 2009, he filed a motion to vacate his sentence pursuant to South Carolina Rule of Criminal Procedure 60(b) in the Charleston County Court of Common Pleas. Petitioner states that he raised the following issues in his Rule 60(b) motion: 1) "The Prosecutor/Judge introduced important (Material) Evidence that they knew to be false and prejudicial;" 2) 'The Prosecutor's failure to provide me with Brady Request Prejudiced my cause [sic];" 3) "Actual Innocence;" 4) "Evidence Violation;" and 5) "Brady Violation." Entry 1 at 4.

Petitioner indicates that his motion to vacate has not yet been ruled upon. Entry 1 at 4-5 ("I moved for the General Session Court with Motion to Vacate under Federal Rules. But, I've yet to receive response.").

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The Magistrate Judge correctly noted that in the interests of comity, the federal courts should refrain from ruling on issues that are before state courts. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989). However, notwithstanding the federalism concerns, this case is subject to dismissal because Petitioner has not exhausted his state remedies as required by 28 U.S.C. § 2254 with regard to all of his claims. Prior to seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Jones v. Sussex I State Prison*, 591 F.3d 707, 712 (4th Cir. 2010) (citing 28 U.S.C. § 2254). Federal courts generally may not entertain a mixed habeas petition containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Such petitions are to be dismissed without prejudice until total exhaustion is accomplished. *Id.* To satisfy the total exhaustion requirement, a prisoner must fairly present each of his claims in each appropriate state court, thereby alerting that court to the federal nature of the

claim. *Jones*, 591 F.3d at 712.

Petitioner reports that each of the grounds for relief listed in his petition was presented in one of his two applications for PCR. However, none of Petitioner's first three grounds for relief has been reviewed by the trial court. South Carolina Rule of Criminal Procedure 60(b) provides that a court may relieve a party from a final judgment based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)" and misconduct of an adverse party." Thus, the state trial court is the appropriate court before which Petitioner must present his first three grounds for relief to satisfy the exhaustion requirement. Petitioner admits that the state trial court has not yet ruled upon his Rule 60(b) motion. As a result, Petitioner's mixed petition is dismissed without prejudice.

## CONCLUSION

Petitioner's § 2254 petition is dismissed without prejudice and without requiring the respondent to file a return.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

April 7, 2011
Columbia, South Carolina